IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 07-011ML |
| VS. | ) | |
| | ) | |
| DAWN WALKER | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to defendant's Motion for Downward Departure.

Defendant requests a downward departure from Criminal History Category (CHC) VI to CHC III on the ground that her CHC VI is a result of a purported over-representation of her criminal history; however, it is not sufficient to justify a downward departure from the guideline range.

**DOWNWARD DEPARTURES**

In light of United States v. Booker, 543 U.S. 220 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. "[T]he guidelines remain part and parcel of the sentencing algorithm." United States v. Pho, 433 F.3d 53, 61 (1st Cir. 2006). Sentencing courts are to "consult [the] Guidelines and take them into

account when sentencing." Booker, 543 U.S.. at 224; see also 18 U.S.C. § 3553(a)(4). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

In this case, defendant argues for a downward departure pursuant to guideline § 4A1.3, claiming that her CHC over-represents the seriousness of her criminal history. She is wrong.

Over-representation of a criminal history is an encouraged ground for a downward departure. United States v. Mangos, 134 F. 3d 460 (1st Cir. 1998). The Court may consider a downward departure where the Court concludes that "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). The guideline commentary provides, as an example, that a downward

departure may be warranted in the case of a defendant with only two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. USSG § 4A1.3 comment. n.3.

In the instant case, Walker's criminal history is not over-represented. The Court should note as an initial matter that defendant does not dispute the fact of any of her prior convictions as they are stated in the Presentence Report (PSR). Walker is correct in stating that she received criminal history points for a number of misdemeanor convictions. She neglects to mention that there were at least 6 points that were not used to compute her CHC as she had already accumulated the maximum of 4 points allowed pursuant to §4A1.1(c). Had those additional convictions been counted, Walker's total number of points would have been 23, 10 more than the minimum necessary for inclusion in CHC VI. Defendant also fails to mention that on 8 occasions, she was found to have violated the terms of her State imposed suspended or probationary sentence. Perhaps most telling is that from her first counted conviction in 1996 until the present, defendant has had convictions and/or violations every year except 2003. In several years, she has had multiple convictions and/or violations, *e.g.,* in 2001 she had a combination of 6 findings of guilt and/or violation; in years 2000, 2004 and 2006 she had 4 such findings each year. Although many of these findings of wrongdoing relate to misdemeanor offense, there are several which indicate she is dangerous in addition to being undeterred by any court ruling. In 2000, Walker was convicted of operating to endanger (PSR ¶ 28); in 2002 she was convicted of felony assault for her willingness to attack, for a fee, someone who had been identified as a snitch (PSR ¶ 32). Defendant has a conviction for domestic assault in 1997 (PSR ¶ 24), and multiple convictions for obstructing officers in 2001 (PSR ¶¶ 29, 31), 2005 (PSR ¶ 37), and she is pending a charge of

assault on an officer which resulted in injury (PSR ¶ 45). Her CHC accurately represents her level of criminality and its severity. There is no basis upon which to grant him a downward departure.

The government contends that a review of the sentences received by defendant for her prior offenses shows that she has been treated very leniently by the judicial system. If there is any extraordinary factor present here, it is found in defendant's temerity to seek a downward departure. This departure ground should be rejected.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephanie S. Browne
STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov

CERTIFICATION OF SERVICE

On this 6th day of August, 2007, I caused the Government's Response to Defendant's Motion for Downward Departure to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mary S. McElroy
10 Weybosset Street
Suite 300
Providence, RI 02903
email: mary_mcelroy@fd.org

/s/ STEPHANIE S. BROWNE
STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov