**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-0011-01ML** |
| | ) | |
| **DAWN WALKER** | ) | |

---

# MOTION FOR SENTENCE CONSIDERATION

Now comes Dawn Walker, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, to comply with the mandates of 18 U.S.C. § 3553(a). Ms. Walker respectfully suggests that the Court should conclude that the advisory guideline calculations call for a sentence longer than what is necessary to comply with 18 U.S.C. § 3553(a).

Respectfully submitted
Dawn Walker
By her attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Stephanie Browne, Assistant United States Attorney and Kristin Mattias, USPO, on August 9, 2007.

/s/Mary S. McElroy, 4830

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR07-0011-01ML** |
| | ) | |
| **DAWN WALKER** | ) | |

---

**DEFENDANT'S REDACTED SENTENCING MEMORANDUM**

## I. INTRODUCTION

Through counsel, Dawn Walker files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives of 18 U.S.C. § 3553(a). The Probation Department has prepared a Presentence Investigation Report and determined that, pursuant to the guidelines, Ms. Walker should be sentenced within the range of seventy seven to ninety six months. Ms. Walker does not contest the calculation of the guidelines in her case but requests that the court find that there are significant grounds for a sentence below the advisory guideline range. This Memorandum is submitted in support of Ms. Walker's motion for sentencing consideration advocating a sentence outside of the advisory guideline range.

## II. SENTENCING CONSIDERATIONS

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary"

to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. *See also Rita v. United States,* No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007). Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Booker,* 543 U.S. at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case. However, the guidelines are *"generalizations* that can point to outcomes that may appear to be unreasonable to sentencing judges in particular cases[,]"

---

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*United States v. Jimenez-Beltre*, 440 F.3d 514 (1st Cir. 2006) (emphasis in original).

In the recent *Rita* decision the United States Supreme Court ruled that an appellate presumption that the guideline sentence is appropriate is permissible but such a presumption on the District Court level is not. *Rita,* 2007 U.S. Lexis 8269, at **16 and **25. The reasoning for the allowance of an appellate presumption is that the guidelines and the district court judge both would have separately come to the same conclusion about the appropriate sentence for the defendant. "[T]he presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita* at **17.

Such a presumption does not apply on the district court level. *Id. at **25.* The district court judge sentencing a defendant must, therefore, "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 2007 U.S. App. LEXIS 15346, *11-12 (7th Cir. June 28, 2007) (interpreting *Rita).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

## III. NATURE AND CIRCUMSTANCES OF THE CHARGE

Bank robbery is clearly a serious offense which carries up to 20 years in prison. The guidelines fully consider the seriousness of this type of robbery and provide for enhancements

based on certain circumstances. Here, the guidelines enhance the offense level by two points because Ms. Walker robbed a bank. The Court should note, however, that this enhancement is not based on any inherent increase in danger for anyone, but simply because of the status of the victim. The fact that this offense involved a bank does not make this situation any more serious than any other robbery.

Of more particular concern, the presentence report suggests a two point enhancement for a threat of death during this robbery based on the mention of a gun in the note. The enhancement in the guideline was changed from an "express threat of death" to a "threat of death" in 1998. *See* 2B3.1(b)(2)(F) (2006) (current language). Prior to the change, the mere mention of a gun was *not* a threat of death, but now it can be considered a threat of death. The Court should consider, however, when applying this enhancement the full range of behavior which could warrant this two point enhancement. First, the Court should consider the manner in which the threat was delivered; oral or written. In the guideline commentary, all of the examples involve *or else* threats. *Id.*, application note 6 (like "give me the money or you are dead"). Ms. Walker could have made a more direct written threat, she could have made an oral threat, or she could have used menacing gestures to indicate he had a gun. She did none of these things. Here, Ms. Walker committed the very minimum behavior to justify the enhancement; mere mention of a gun in a note. The Court should therefore give a minimum amount of consideration to applying this enhancement.

## IV. DETERRENCE AND THE NEED TO PROVIDE EDUCATION OR VOCATIONAL TRAINING

The other important factors that the court must consider in determining an appropriate

sentence for Ms. Walker are deterrence of future criminal activity both by this defendant and by others and the need to provide for her educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553. A sentence well below the guideline range would accomplish this goal.. No additional deterrent effect would be realized by sentencing her to a sentence within the advisory guideline range..

The bureau of prisons can provide needed substance abuse treatment and education for Ms. Walker in the first few years that she is in their custody. Additional time in prison would not assist in this process and could indeed be detrimental.

## VII. CONCLUSION

For all of these reasons, Ms. Walker respectfully requests that this court sentence her to a term of imprisonment below the advisory guideline range. A more severe sentence in this case would not achieve greater justice, deterrence, incapacitation, or rehabilitation.

Respectfully submitted
Dawn Walker
By her attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was electronically filed with notification to Stephanie Browne, Assistant United States Attorney and Kristin Mattias, USPO, on August 9, 2007.

/s/ Mary S. McElroy