IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * * * | C.R. NO. 07-11ML |
| UNITED STATES OF AMERICA * | |
| VS. * | AUGUST 10, 2007<br>9:30 A.M. |
| DAWN WALKER * | |
| * * * * * * * * * * * * * * * * | PROVIDENCE, RI |

BEFORE THE HONORABLE MARY M. LISI,

CHIEF JUDGE

(Sentencing)

APPEARANCES:

FOR THE GOVERNMENT: STEPHANIE S. BROWNE, AUSA
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: MARY S. McELROY, ESQ.
Federal Defender's Office
10 Weybosset Street
Providence, RI 02903

Court Reporter: Karen M. Wischnowsky, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

1

Dr. Price's report indicates that she can become a productive member of society. Yes, there are things that need to be done for her, and I've made a request that the Court include mental health counselling and the intense drug treatment program as part of its incarceration; but for us to say that she cannot or will not stop committing crimes says that all of that responsibility falls on the shoulders of the child that she was when she was very much abused and neglected, and I think that that's not the case.

Your Honor, the Rita decision told us that District Courts do have to calculate the advisory guideline range, but ultimately they need to sentence individual Defendants based on individual factors and individual cases based on the guidance of Section 3553 and without undue weight to the guidelines. And there's no presumption of reasonableness, as the Court knows, for the District Court.

Your Honor, you are well aware of the history and characteristics of Ms. Walker. And I apologize today that I submitted letters this morning, and I understand the Court's position on reading those letters; but I do want to explain to the Court that I received those letters before I came to court this morning.

2

consider given her background and her history, and I know that the Court has read thoroughly Dr. Price's report.

I, myself, was at a loss as to how much time to recommend for Ms. Walker, and we've discussed it extensively. And she knows and understands that she needs to pay a debt to society, that she needs to be deterred and that the Court needs to send a message; but the Court ultimately needs to sentence this individual who is before the Court today.

And in my sentencing memorandum, I didn't make a specific request because it is so difficult for me or for anyone, I think, to determine the appropriate sentence; and ultimately, your Honor, that's your responsibility.

I am going to suggest to the Court that you sentence her to no more than four years or 48 months in prison. I feel that that would allow the amount of time necessary for her to engage in drug treatment that's required, for her to seek an education and for her to put her life on a track where she can become a productive member of society.

She has mental health issues that need to be addressed; and those issues, as the Court knows from its own experience and I know from my experience, I'm

3

sure the Government does, too, when mental health issues are present, it complicates drug treatment. So yes, she's had opportunities in the past for drug treatment; but unless both conditions are addressed, she won't be successful at that drug treatment.

And I think, you know, obviously being arrested and brought into Federal Court is not a good thing; but given the resources that the Federal Government has at its disposal and given sort of the level of programming that the Bureau of Prisons has, I think they're going to be better able to address her issues than was the ACI and with that probation system that is necessarily overwhelmed by the number of cases that it deals with.

Your Honor, the Court is in receipt of the letters that I understand that, you know, that you didn't have an opportunity to read. Her aunt and her uncle mimicked the things that I indicated in my sentencing memo about her background, about her mother's background and how her mother treated her as a young child and how she was introduced to the life that she unfortunately now lives.

They also talked in those letters about her children, who she lost custody of, who she had at very young ages. She had those children when she was 14 and 17 years old in situations that should have had the

4

Government intervening in her case, and it seems that they didn't to the degree that they should have.

I had the opportunity to speak to her mother this morning. It's one of the reasons that I was running a little late for court. One of the positive things that has happened in the last couple of months that I've only just informed Ms. Walker about is her father, who is, my understanding, sort of a productive, nonsubstance-abusing member of society, has been trying to get in touch with her. He has been unable to do so because he didn't know where she was, and he wishes to have contact with her.

And as the Court knows, recidivism is such a complicated thing that isn't always represented simply by a criminal history guideline, that is in some ways represented by substance abuse treatment. Certainly somebody who's not abusing substances is less likely to recidivate. Somebody who has contacts in society and family who is there to support them has a lower chance of recidivism.

And she is very slowly putting those things together that should have been put together for her by the adults in her life when she was a very young child; but, frankly, they weren't.

She needs to pay the price today for the very

5

TABLE OF CONTENTS

PAGE(S)

AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Was Ms. Walker's 77 month term of imprisonment improperly based on the belief that it was needed for treatment, in violation of 18 U.S.C. §3582(a) and, further, imposed in violation of 18 U.S.C. §3553(a) because it was not supported by the evidence?. . . . . . . . . . .1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. THE DISTRICT COURT IMPROPERLY SENTENCED MS. WALKER TO A LENGTHY PERIOD OF INCARCERATION IN ORDER TO PROVIDE HER WITH MENTAL HEALTH AND SUBSTANCE ABUSE TREATMENT AND DID SO WITHOUT EVIDENTIARY SUPPORT FOR THE TERM IMPOSED. AS A RESULT, THE SENTENCE IMPOSED WAS UNREASONABLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

B. The Court Erroneously Based Ms. Walker's Term of Incarceration on the Need For Treatment. . . . . . . . . . . . . . . . . .10



6

## STATEMENT OF JURISDICTION

This is a direct appeal from a final judgment in a criminal case entered by the United States District Court for the District of Rhode Island on August 10, 2007. The district court had jurisdiction over Ms. Walker's case pursuant to 18 U.S.C. §3231(2006). On August 10, 2007, District Court Chief Judge Lisi sentenced Ms. Walker to 77 months of incarceration. Ms. Walker filed her notice of appeal on August 15, 2007. This Court has jurisdiction under 28 U.S.C. §1291 (2006) and 18 U.S.C. §3742 (2006).

## ISSUE PRESENTED FOR REVIEW

I. Was Ms. Walker's 77 month term of imprisonment improperly based on the belief that it was needed for treatment, in violation of 18 U.S.C. §3582(a) and, further, imposed in violation of 18 U.S.C. §3553(a) because it was not supported by the evidence?

## STATEMENT OF THE CASE

Dawn Walker was indicted by a grand jury sitting in the District of Rhode Island on a single count of bank robbery in violation of 18 U.S.C. §2113(a) on

## SUMMARY OF THE ARGUMENT

The district court imposed the sentence of six years and five months incarceration in an effort to provide Ms. Walker with treatment and education. However, incarceration is not statutorily authorized for those purposes. Further, the length of the term of incarceration imposed by the court was not supported by any evidence or expert opinion addressing the length of time required for Ms. Walker's recovery.[6] Thus, the district court erroneously sentenced Ms. Walker to a longer period of incarceration than was reasonable or appropriate when the facts here are analyzed under 18 U.S.C. §3553(a). This Court must remand the case for re-sentencing under the appropriate standards.

## ARGUMENT

I THE DISTRICT COURT IMPROPERLY SENTENCED MS. WALKER TO A LENGTHY PERIOD OF INCARCERATION IN ORDER TO PROVIDE HER WITH MENTAL HEALTH AND SUBSTANCE ABUSE TREATMENT AND DID SO WITHOUT EVIDENTIARY SUPPORT FOR THE TERM IMPOSED. AS A RESULT, THE SENTENCE IMPOSED WAS UNREASONABLE.

---

[6] The only expert opinion provided to the court was that of Dr. Marilyn Price which was attached to the defendant's sentencing memorandum and filed under seal. Dr. Price did not estimate a time needed for treatment.



8