UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
          v.                      :          CR No. 07-011S
                                  :
DAWN WALKER                       :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of her supervised release and, if so, to recommend a disposition of this matter.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on January 26, 2016, at which time Defendant, through counsel and personally, admitted that she was in violation of her supervised release conditions as to Violation No. 1, as amended at the hearing; a hearing was held on Violation No. 2 at which time I found Defendant guilty.  A sentencing hearing was held on March 16, 2016 at which time I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge William E. Smith.

     **Background**

On September 18, 2015, the Probation Office petitioned the Court for the issuance of a summons.  On September 22, 2015, the District Court reviewed the request and ordered the issuance of a summons.  Thereafter, on January 26, 2016, Defendant appeared before the Court for a preliminary revocation hearing at which Defendant admitted to the following amended charge:

> **Violation No. 1:  While on supervision, Defendant shall not commit another federal, state or local crime.**

> On August 23, 2015, Defendant committed Simple Assault (three counts) and Vandalism (two counts) in Central Falls, Rhode Island as evidenced by her arrest by members of the Central Falls Police Department on that day.

As Defendant has admitted this charge, I find she is in violation of the terms and conditions of her supervised release.

On January 26, 2016, a hearing was held on the following charge at which time I found Defendant guilty:

> **Violation No. 2:  Defendant shall refrain from any unlawful use of a controlled substance.**
>
> On or about April 22, 2015; July 30, 2015 and August 19, 2015 Defendant used cocaine as evidenced by her positive urine screens and her subsequent admissions.

### Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor.  If a term of imprisonment was imposed as a result of a previous

supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence.  In this case, Defendant was on supervision for a Class C felony.  Therefore, she may not be required to serve more than two-years' imprisonment upon revocation.   However, since Defendant has already served two-months' imprisonment as a result of one previous revocation, the statutory maximum term of imprisonment remaining is twenty-two months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  In this case, the authorized statutory maximum term of supervised release is three years.  There has been a total of two-months' imprisonment previously imposed for violations of supervised release.  Therefore, the Court may impose the above-noted statutory maximum, minus the two months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable

by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  In this case, Defendant has committed a Grade C violation and the maximum term of supervised release has been imposed.  Therefore, the Court may revoke or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  The second provision applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served

in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is an outstanding restitution in the amount of $4,263.00.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced.  In this instance, Defendant had a Criminal History Category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, Defendant committed a Grade C violation and has a Criminal History Category of VI.  Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant robbed a bank in late 2006.  She pled guilty and was sentenced in 2007 to a seventy-seven month prison sentence to be followed by three years of supervised release.  She commenced her first term of supervision on January 14, 2014.  She promptly began abusing alcohol and cocaine upon her release.  She also committed the offenses of prostitution and domestic simple assault.  Based on this behavior, her conditions were modified to include in-patient drug treatment and a period on home confinement.

After completing drug treatment, Defendant again reverted to abusing cocaine and alcohol, as well as violating her home confinement restrictions.  Defendant was sentenced as a violator to a sixty-

day term of incarceration followed by an eighteen-month period on supervised release with the first ninety days in in-patient drug treatment.

Defendant was released on March 10, 2015.  She was in and out of various treatment programs in 2015 with varying degrees of compliance.  She continued to test positive for cocaine and committed the offenses of simple assault and vandalism on August 23, 2015 in an incident at a local bar while apparently intoxicated.

She completed a four-month in-patient drug treatment program on January 13, 2016.  She promptly tested positive for use of cocaine after leaving the program.  Probation was able to obtain placement for Defendant in another treatment program on February 26, 2016 but she was discharged from the program and again began abusing cocaine and alcohol.

This is Defendant's second violation case.  She has admitted to Grade C violations and the guideline range is eight to fourteen months.  The Government argues for a low-end, eight-month sentence with no further supervised release.  Defense counsel argued for another referral to drug treatment and then a termination of supervised release.[1]

Defendant has not been able to comply with her conditions of supervision and has not yet attained any sustained benefit from the numerous treatment resources provided to her.  While Defendant has a tragic background and a long history of mental health, medical and substance abuse issues, I do not believe that yet another referral to treatment is an appropriate sanction for her violations.  After considering the sentencing factors set forth in 18 U.S.C. § 3553(a).  I believe that a time-served sentence with no further supervised release is an appropriate sentence and so recommend.

---

[1] On January 26, 2016, Defendant appeared before the Court for a revocation hearing and was found to be in violation of her conditions of supervised release.  Her sentencing was deferred, and she was released to participate in further drug treatment.  She was clearly warned by the Court that further noncompliance would result in jail and she understood. On February 8, 2016, Defendant tested positive for using cocaine.

**Conclusion**

For the foregoing reasons, I recommend that Defendant receive a time-served sentence with no further supervised release.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  Fed. R. Crim. P. 59; LR Cr 57.2.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 5, 2016